UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGES PUBLIC CHARTER SCHOOL,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**FATMATA BARRIE, et al.,**<br><br>    **Defendants.** | Civil Action No. 10-0108 (JDB) |

## MEMORANDUM OPINION and ORDER

Bridges Public Charter School brings this action against Fatmata Barrie, Christopher Anwah, and the Law Offices of Christopher Anwah, PLLC, seeking attorneys' fees under a fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B)(i)(II). Before the Court is Fatmata Barrie's motion to dismiss for failure to state a claim.[1] Upon consideration of the parties' memoranda, the applicable law, and the entire record herein, and for the reasons stated below, the Court will deny the motion.

## BACKGROUND

A.    <u>The Individuals with Disabilities Education Act</u>

Under the IDEA, states and local education agencies that receive federal education assistance must establish policies and procedures to ensure that "[a] free appropriate public education is available to all children with disabilities." 20 U.S.C. § 1412(a)(1)(A); <u>see also id.</u> § 1413(a)(1). Once a child is found to qualify for a free appropriate public education, the school

---

[1] Christopher Anwah and the Law Offices of Christopher Anwah, PLLC, have answered Bridges's complaint.

district is required to develop and implement an individualized education program ("IEP") for him or her. See id. § 1414(d)(2)(A). The IEP comprehensively describes the student's present academic level, details measurable annual goals for the student, specifies necessary educational and related services, and establishes the extent to which the student will participate in a regular education classroom. See id. § 1414(d)(1)(A)(i). If a parent disagrees with the IEP or the subsequent school placement, he or she is entitled to an "impartial due process hearing" before a hearing officer. See id. § 1415(f)(1)(A). Any party may bring a civil action challenging the hearing officer's decision. See id. § 1415(i)(2)(A). And the IDEA gives a court discretion to award reasonable attorneys' fees to the party that prevails at the hearing. See id. § 1415(i)(3)(B).

  B. <u>Factual Background</u>

Defendants represented C.R., "a student eligible to receive special education and related services," in an administrative proceeding convened under the IDEA. Compl. ¶ 4. In July 2009, they filed a due process complaint on behalf of C.R. and C.R.'s mother against Bridges Public Charter School, a local education agency under the IDEA for special education purposes. Compl. ¶¶ 3, 7. The due process complaint raised three claims against Bridges. First, that it "failed to develop an appropriate individualized education program" for C.R. by not developing and reviewing the program's goals with C.R.'s mother. Compl. ¶¶ 7, 9. Second, that it "failed to convene a placement meeting and provide an appropriate placement," Compl. ¶ 7, "when [C.R.] aged out of Bridges at the end of the 2008-2009 school year," Compl. ¶ 8. And third, that it "failed to provide appropriate services to the student." Compl. ¶ 7.

C.R.'s mother met with Bridges in an attempt to resolve the issues raised in her due process complaint. Compl. ¶ 10. "During the resolution meeting Bridges attempted to review

and discuss the IEP['s] goals with [C.R.'s mother] . . . but [she] refused to participate in this discussion." Compl. ¶ 10. C.R.'s mother did assert, however, that "[C.R.] required a full time out of general education placement and that the placement [she] requested, the River School, could provide such a placement." Compl. ¶ 11. The efforts to resolve the due process complaint failed, and the parties proceeded to a due process hearing. Compl. ¶ 12. At the hearing, C.R.'s mother "withdrew some of the claims raised in the Complaint[,] narrowing the issues to (1) whether Bridges failed to include the parent in the development of the goals and objectives [in] the student's May 19, 2008 and June 11, 2009 IEP; and (2) whether Bridges failed to provide the student an appropriate placement for the 2009-2010 school year." Compl. ¶ 14.

After hearing testimony from several witnesses, the hearing officer "found that the parent's claims had no foundation in fact and were frivolous." Compl. ¶ 23 (internal quotation marks omitted). Specifically, the officer "concluded that the evidence overwhelmingly established that the student's . . . IEPs were developed with the parent's full participation." Compl. ¶ 25. And the officer noted "that [C.R.'s mother] failed to present any legal or factual basis to substantiate her allegations regarding the issue of placement." Compl. ¶ 26.

Based on the hearing officer's resolution, Bridges concluded that it was entitled to attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II), and therefore filed this action seeking $15,994.50 in fees and costs. Barrie has now moved to dismiss Bridges's complaint as it relates to her.

## STANDARD OF REVIEW

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); accord Atherton v. Dist. of Columbia Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." Id. at 1950-51.

The notice pleading rules are not meant to impose a great burden on a plaintiff. See Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. See Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Erickson, 551 U.S. at 94 (citing Twombly, 550 U.S. at 555-56). The

plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor does the court accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949-50 (internal quotation marks omitted); see also Aktieselskabet AF 21. November 21 v. Fame Jeans Inc., 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (the court has "never accepted legal conclusions cast in the form of factual allegations").

## ANALYSIS

The IDEA authorizes courts to award reasonable attorneys' fees

> to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation.

20 U.S.C. § 1415(i)(3)(B)(i)(II). Bridges seeks fees pursuant to both parts of this provision. First, it asserts that defendants' due process complaint

> was frivolous, unreasonable and/or without foundation because 1) the parent's claims lacked any factual or legal basis at the time they were filed; 2) the Complaint sought placement at the River School, a non-public school, on the basis that the River School could provide a full time out of general education placement even though the River School is not a full time out of general education placement; and 3) the parent was fully aware of the enrollment process for children aging out of Bridges Public Charter School and in fact enrolled C.R. in [a District of Columbia Public School] prior to unilaterally placing her at the River school.

Compl. ¶ 38. Second, Bridges contends that defendants unreasonably "continued to litigate after

refusing to participate in a review of the student's IEP goals at the resolution meeting and after it became clear that the River School was not a full time placement." Compl. ¶ 41.

Barrie does not dispute that Bridges Public Charter School is a prevailing party.[2] Hence, the only question for the Court is whether Bridges has alleged facts that, taken as true, demonstrate that the due process complaint was "frivolous, unreasonable, or without foundation," or that defendants continued to litigate "after the litigation clearly became frivolous, unreasonable, or without foundation." In other words, the Court must determine if Bridges has alleged facts that plausibly demonstrate "'the case [was] so lacking in arguable merit as to be groundless or without foundation.'" West, 2010 WL 1233978 at *5 (quoting Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)).

The due process complaint alleged that Bridges failed to develop an appropriate IEP because it did not consult C.R.'s mother. But in its complaint in this Court, Bridges asserts that three witnesses at the due process hearing "testified that [C.R.'s] IEP goals and objectives were reviewed with [C.R.'s mother] at the June 11, 2009 IEP meeting." Compl. ¶ 18; see also Compl. ¶ 19 (same); Compl. ¶ 25 ("[T]he evidence [at the hearing] overwhelmingly established that [C.R.'s] May 19, 2008 and June 11, 2009 IEPs were developed with the parent's full participation."). If true, this contention could demonstrate that Bridges in fact consulted C.R.'s mother when developing C.R.'s IEP, and hence would support the view that the underlying action

---

[2] Nor could she. The hearing officer presiding over the administrative proceeding dismissed the claims against Bridges, concluding that they "had no foundation in fact and were frivolous." Compl. ¶ 23 (internal quotation marks omitted); see District of Columbia v. West, --- F. Supp. 2d ---, 2010 WL 1233978, at *5 (D.D.C. Mar. 30, 2010) ("[D]ismissal on the merits of a due process complaint that has not been appealed warrants a finding that a state educational agency or local educational agency is a prevailing party.").

was "frivolous, unreasonable, or without foundation."

The due process complaint also alleged that Bridges failed to convene a placement meeting for C.R. But Bridges has asserted in its complaint before this Court that "[t]here was . . . testimony and documentary evidence presented at the due process hearing that the parent was fully aware of the process that was to be followed for enrolling the student in Kindergarten when she aged out of Bridges and that this process as well as placement was discussed at the June 11, 2009 meeting." Compl. ¶ 21; see also Compl. ¶ 38 ("[C.R.'s mother] was fully aware of the enrollment process for children aging out of Bridges Public Charter School and in fact enrolled C.R. in [a District of Columbia public school] prior to unilaterally placing her at the River School."). If true, this contention could show that Bridges convened a placement meeting for C.R. The allegations in the complaint, then, "plausibly give rise to an entitlement to relief" on the first part of section 20 U.S.C. § 1415(i)(3)(B)(i)(II). See Iqbal, 129 S. Ct. at 1951.[3]

Bridges also contends that it is entitled to attorneys' fees because defendants litigated the due process complaint after it became frivolous. Because Bridges has offered sufficient facts to demonstrate that the due process complaint was frivolous when filed, a fortiori it has demonstrated sufficient facts to show that it was frivolous to continue to litigate the complaint. Moreover, in its complaint, Bridges asserts that C.R.'s mother refused "to participate in a review of the student's IEP goals at the resolution meeting." Compl. ¶ 41. Under the IDEA, it is mandatory for the parties to participate in a resolution session "where the parents of the child

---

[3] In its complaint, Bridges alleges that the third claim asserted in the due process complaint -- Bridges "failed to provide appropriate services to [C.R.]," Compl. ¶ 7 -- was also frivolous. Barrie does not discuss that claim in her motion to dismiss, and therefore the Court need not consider it now.

discuss their complaint, and the facts that form the basis of the complaint, and the local educational agency is provided an opportunity to resolve the complaint." See 20 U.S.C. § 1415(f)(1)(B)(i)(IV).[4] Drawing all reasonable inferences from this allegation, it is plausible that had the mother participated in that discussion, she would have become aware of facts that would have led her to withdraw the entire due process complaint. Taken together, these assertions persuade the Court that Bridges's complaint contains sufficient allegations to demonstrate a plausible entitlement to relief under the second part of section 20 U.S.C. § 1415(i)(3)(B)(i)(II).

To be sure, Barrie contends that she cannot be held liable for attorneys' fees under the second part of the fee-shifting statute because she left the firm before the due process hearing occurred. See Barrie's Mot. to Dismiss ("Barrie's Mot.") [Docket Entry 3], at 8. There may be some validity in that position. But Bridges alleges that it was unreasonable for the defendants to continue litigating the due process complaint after the resolution meeting, which occurred one month prior to the due process hearing. Thus, even if Barrie left the firm before the due process hearing, she could be liable for continuing to litigate the due process complaint until her departure.[5]

## CONCLUSION

Accordingly, upon consideration of Barrie's motion to dismiss, the parties' several memoranda, the applicable law, and the entire record herein, and for the reasons detailed above,

---

[4] The parties may agree to waive the resolution meeting in writing. See 20 U.S.C. § 1415(f)(1)(B)(i)(IV). They did not do so here.

[5] Barrie also asserts that she is entitled to attorneys' fees because Bridges brought the suit "unreasonably and in bad faith." That demand is without merit because Bridges's complaint states a claim on which relief may be granted, demonstrating it is neither unreasonable nor in bad faith.

it is hereby

>ORDERED that Barrie's motion to dismiss is **DENIED**; it is further
>
>ORDERED that Barrie's request for attorneys' fees is **DENIED**; and it is further
>
>ORDERED that Barrie shall answer Bridges's complaint by not later than May 28, 2010.
>
>**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: May 6, 2010